IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CHARLES ALBERT REED, | CASE NO. 5:25-CV-00228-BMB |
| Petitioner, | JUDGE BRIDGET MEEHAN BRENNAN |
| vs. | MAGISTRATE JUDGE DARRELL A. CLAY |
| WARDEN MISTY MACKEY, | ORDER ON MOTION TO TAKE JUDICIAL NOTICE |
| Respondent. | [ECF #5] |

On February 6, 2025, Petitioner Charles Reed, representing himself, filed a petition under 28 U.S.C. § 2254, seeking a writ of habeas corpus. (ECF #1). Under Local Civil Rule 72.2, this matter was referred to me to prepare a report and recommendation. (Non-document entry of Feb. 12, 2025). Respondent Warden Misty Mackey (hereinafter, the State) filed the Return of Writ on April 11, asserting Mr. Reed's petition should be dismissed on procedural grounds. (ECF #4).

On May 8, Mr. Reed filed a motion asking the Court to take judicial notice of the entirety of surveillance video footage of the shooting underlying his convictions and the expert report and testimony of Dr. James Pritchard. (ECF #5). On May 23, the State opposed the motion. (ECF #7). On June 6, Mr. Reed replied. (ECF #8).

For the following reasons, I **DENY** Mr. Reed's motion.

ANALYSIS

Mr. Reed seeks habeas relief from his convictions for felonious assault with an attached firearm specification and menacing by stalking. Both convictions arise from an incident at a gas station where Mr. Reed shot his neighbor, Mr. Nichols, after the two were in an argument. (*See*

1

ECF #4-1 at PageID 280-81). The shooting was recorded on the surveillance cameras at the gas station and an automobile dealership across the street. (*Id.*). Mr. Reed and Mr. Nichols had been quarreling for a long time, including a fist fight. (*Id.*). At trial, Mr. Reed argued he was defending himself from Mr. Nichols and sought to introduce expert testimony by Dr. Pritchard supporting the self-defense claim, which the trial court partially limited. (*Id.* at PageID 281-82).

A district court "may judicially notice a fact that is not subject to reasonable dispute because it (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Mr. Reed asks this Court take judicial notice of the entirety of surveillance video footage of the shooting and the expert report and testimony of Dr. Pritchard. (ECF #5). I address each request separately.

1.   **Surveillance camera footage of the shooting**

Initially, Mr. Reed claims, "all the videos need to be viewed by this court" to demonstrate "how close Mr. Reed let Mr. Nichols get before action was taken." (ECF #5 at PageID 1194). Although he does not identify the videos in the motion, Mr. Reed is presumably referring to the gas station surveillance camera footage of Mr. Reed shooting Mr. Nichols underlying the convictions from which he seeks habeas relief.[1] (*See* ECF #1 at PageID 10). Mr. Reed argues the videos substantiate his claim of actual innocence of the offenses of conviction. (*Id.*) ("[The video]

---

[1] Mr. Reed may also be referring to a surveillance camera footage from the Sarchione Ford dealership that was across the street from the gas station and was State's Exhibit 1-B. (*See* ECF #4-2 at PageID 779, 857-61). Regardless of whether Mr. Reed is referring to the footage of one surveillance camera or both, the analysis is the same.

2

shows Mr. Nichols as the stalker, the aggressor, and that the State is charging the Petitioner with charges Mr. Nichols is guilty of").

For two reasons, judicial notice does not allow Mr. Reed's request. First, he asks the Court to take judicial notice of what the surveillance footage depicts, not just the footage's existence. Judicial notice is used to take notice of facts, not of documents or videos. *Abu-Joudeh v. Schneider*, 954 F.3d 842, 848 (6th Cir. 2020). While the *existence* of a video could be a fact, the contents of the video (let alone the import of the events recorded within it) are another matter. *See id.* Thus, the Court may judicially notice only that surveillance camera footage exists. Indeed, the footage (or the portions the State used) is referenced in the transcripts as State's Exhibit 1-A and 1-B so the *existence* of the footage is uncontested. (ECF #4-2 at PageID 779; *see also id.* at PageID 471-72, 615-17, 887-90). But the Court cannot take judicial notice of the *content* of the surveillance camera footage.

Second, what the footage depicts—and the legal significance of those events—are disputed. A court cannot take judicial notice of evidence concerning a disputed fact. *Abu-Joudeh*, 954 F.3d at 849. Whether Mr. Reed let Mr. Nichols get close before the shooting and whether that—and all the other events depicted—meant Mr. Reed shot Mr. Nichols in self-defense was strongly disputed at trial and central to Mr. Reed's first and second grounds for habeas relief. (*See* ECF #1 at PageID 2).

Where a habeas petitioner asks a court to take judicial notice of the contents of a recording to establish a disputed fact, judicial notice is not appropriate. *See Abu-Joudeh*, 954 F.3d at 849. ("[T]his Court has repeatedly denied motions styled as requests for judicial notice that sought to introduce additional evidence concerning a disputed issue of fact."). Thus, Mr. Reed's motion to take judicial notice of the surveillance video footage is **DENIED**.

Where a habeas petitioner asks a court to take judicial notice of evidence of a disputed fact, the Sixth Circuit instructs district courts to view the petitioner's request as a motion to expand the record before the habeas court. *See Abu-Joudeh*, 954 F.3d at 848. The court may expand the record with, among other things, the trial exhibits. *See* Rule 7(b), Rules Governing § 2254 Cases. But it is not clear whether Mr. Reed opposes expanding the record. In his reply, Mr. Reed argues "nothing is supplemented, it was presented to the court but withheld. Parts of the videos were played, so they're not supplemented, parts of the expert's report were presented, so [they are] not supplemented." (ECF #8 at PageID 1217). I am reluctant to recast a motion as something Mr. Reed may oppose.

But I need not confront that issue today. The State has raised several procedural defenses to the Petition.[2] (*See* ECF #4 at PageID 95-102, 107-08). I must address these procedural defenses and decide whether to dismiss the Petition before I consider whether to expand the record. *See* Habeas Rule 7(a) (allowing expansion of the record "[i]f the petition is not dismissed"); *see also Heiney v. Moore*, No. 3:21-cv-501, 2022 WL 4599234, at *9 (N.D. Ohio Sept. 29, 2022) (declining to address expanding the record where the court had not yet addressed the respondent's procedural defenses). I will issue a Report and Recommendation on those defenses in due course.

---

[2] Mr. Reed correctly points out the State failed to argue the merits of his petition. (ECF #8 at PageID 1215). Regardless of the potential application of procedural defense, the State is required to address the merits of the Petition under Habeas Rule 5(b) and this Court's initial order. (ECF #3). If I determine the State's procedural defenses lack merit, I will order the State to address the merits.

4

If the Petition is not dismissed based on Respondent's procedural defenses and Mr. Reed so wishes, he may at that time seek to expand the record to include the trial exhibits.[3]

### 2. Dr. Pritchard's expert report and testimony

Next, Mr. Reed requests the Court take judicial notice "of expert witnesses [*sic*] report and testimony." (ECF #5 at PageID 1195). Mr. Reed explains, "The jury was told to disregard parts of the expert's testimony and Mr. Pritchard was denied from connecting Petitioner's extensive medical history and physical condition to his state of mind." (*Id.*).

Dr. Pritchard's expert report and curriculum vitae are already in the state-court record. (ECF #4-1 at PageID 121-28). Additionally, the transcript of Mr. Reed's trial includes Dr. Pritchard's testimony to the jury. (ECF #4-2 at PageID 925-57). The transcript also includes the proffer from Mr. Reed's counsel explaining for the record how Dr. Pritchard would have testified if the trial court had allowed Mr. Reed to ask hypothetical questions. (*Id.* at PageID 1169-70). Although Mr. Reed accuses the State of trying to hide Dr. Pritchard's report and full testimony (ECF #8), the State already filed both for this Court to review. Thus, his motion for judicial notice of Dr. Pritchard's testimony is **DENIED** as moot.

### Conclusion

For these reasons, Mr. Reed's Motion to take Judicial Notice (ECF #5) is **DENIED**. I will issue a Report and Recommendation on the State's procedural defenses in due course. If the

---

[3] Mr. Reed argues that clips from the surveillance video were played for the jury. (ECF #5 at PageID 1194). A party will sometimes play just clips of a video exhibit during testimony but submit the entire video for the jury to review in deliberations. The record does not appear to indicate whether State's Exhibit 1-A and 1-B contained the entire recordings or just the clips played during testimony. If there is a motion to expand the record, the parties should address this issue at that time.

5

Petition is not dismissed based on the State's procedural defenses, Mr. Reed may seek permission to expand the record to include the trial exhibits if he so wishes.

**SO ORDERED.**

Dated: July 11, 2025

_____
DARRELL A. CLAY
UNITED STATES MAGISTRATE JUDGE